MULFORD T. ROSE, RELATOR, v. EDWIN A. PARKER, RESPONDENT.

Submitted October 17, 1917—Decided October 20, 1917.

Section 53 of the supplement to an act entitled "An act to regulate elections (Revision of 1898)," as amended (*Pamph. L.* 1915, *p.* 155), prohibits the printing on the official ballot at the general election the name of any person nominated by petition whose name was printed upon the official ballot of any party at the preceding primary election who failed of nomination, and this prohibition applies even where the successful candidate at the primary election shall die or decline the nomination before the day upon which the general election is to be held.

On rule to show cause.

At the primary election held in Atlantic county September 25th, 1917, the name of the relator, as well as that of Smith E. Johnson, was printed on the primary ballot of the Republican party as candidates of that party for the office of sheriff, and at the election Johnson received the highest number of votes. Johnson died on the 5th of October, 1917, and thereupon Alfred J. Perkins and the relator filed petitions with the county clerk in due form as nominees of the Republican party for the office of sheriff, in the place of Smith E. Johnson, deceased. The clerk of the county refuses to print the name of the relator on the general ballot as a candidate for the office of sheriff because his name was printed on the Republican primary ballot at the primary election, holding that under the statute of 1915, above referred to, the relator is not "eligible to have his name printed on the official ballot for said general election by petition."

The relator was allowed a rule to show cause why a writ of *mandamus* should not issue requiring the county clerk to print his name on the official ballot, which it is now moved be made absolute.

Before Justices SWAYZE, BERGEN and BLACK.

For the relator, *Clarence L. Cole.*

For the respondent, *Enoch A. Higbee.*

The opinion of the court was delivered by

BERGEN, J. The statute invoked by the respondent is an act to amend a supplement to an act entitled "An act to regulate elections (Revision of 1898)." *Pamph. L.* 1915, *p.* 155. This section amends section 53 of the supplement to our act regulating elections, approved April 19th, 1911 (*Pamph. L., p.* 276), and it provides that at the general election, instead of separate printed ballots for each political party or group of petitioners, there shall be a single or blanket form of ballot on which shall be printed all the names of all the candidates which shall be voted for at the general election, provided

"that any person whose name was printed upon the official ballot of any party at the preceding primary, who failed of nomination, shall not be eligible to have his name printed on the official ballot for said general election by petition." This proviso is not ambiguous and the relator admits that if it be given the construction that the words plainly indicate, he would not be entitled to his writ, but he argues that under section 45 of the act to regulate elections, as revised in 1898, the relator is entitled to have his name printed on the official ballot, the latter section not having been expressly repealed.

Section 45 provides that if any person nominated die before election day, or decline the nomination, or for any reason a vacancy occur, it may be filled in the manner required for original nominations. It further provides that if the original nomination was made by a party convention which had delegated to a committee the power to fill vacancies, such committee may fill the same. When this act was adopted the use of a blanket ballot had not been provided for, the ballots in use being separate for each party entitled under the law to have an official ballot, and at that time there was apparently nothing to prevent a nomination by petition as well as by a committee delegated by a party convention with power to fill vacancies.

It is now argued that section 45 of the act of 1898 is so distinct from that of 1915 (*Pamph. L., p.* 155) that both remain operative, and that the legislative purpose in passing the act of 1915 was only to prevent a candidate at the primary, who failed of a nomination, from being a candidate on the same ticket with the person who had prevailed at the primary election, but there is nothing in the later act to indicate this purpose, and we can only judge of the legislative intent of the words which they used. That the legislature has the right to regulate the preparation of ballots for an election must be conceded, and when it has prescribed the kind of ballot to be used at the general election it is within its constitutional right so long as it does not prevent any elector from voting for any person he chooses, and there is nothing

in this act which prevents any voter from placing the name of the relator on his ballot.

We can see no reason why the legislature could not, when they changed the form of the ballot to be voted at the general election, declare the class of persons entitled to have their names printed on the ballot. They chose to say that in the preparation of the ballot the name of no person should be printed thereon whose name had been printed on the primary ballot, and who had failed to be selected as the nominee. With the wisdom of this legislation we have nothing to do, and if it leads to absurd results, as the relator argues, the remedy must be sought at the hands of the legislature. We have no doubt that as this legislation now stands the county clerk is not bound to print on the official ballot the name of any person whose name was printed on the official primary ballot who failed at the primary election to be selected as the nominee of the party on whose ballot it appeared for the office for which he was seeking the nomination.

The result is that this rule to show cause must be discharged, and it is so ordered.